## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Terry T. Etter,

                Plaintiff,       Case No. 24-10174

v.                            Judith E. Levy
                            United States District Judge
Noe Guerrero and Chris Fann
Transportation,            Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

## <u>ORDER STRIKING COMPLAINT [1]</u>

The Court has reviewed the complaint. (ECF No. 1.) The complaint is stricken for failure to follow Eastern District of Michigan Local Rule 5.1(a)(2). *See* E.D. Mich. LR 5.1(a)(2) ("Each page must be numbered consecutively."). Accordingly, the complaint (ECF No. 1) is STRICKEN and not part of the record.

Further, Plaintiff states in the complaint that "[t]here is Court jurisdiction based on the diversity of the parties." (ECF No. 1, PageID.2.)   However, Plaintiff's allegations in the complaint are insufficient to show that subject matter jurisdiction exists.

Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). One way in which a federal court has subject matter jurisdiction over a case is based on diversity jurisdiction. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). While Plaintiff's complaint states that the amount in controversy exceeds $75,000 (*see* ECF No. 1, PageID.3), the complaint's allegations are insufficient to show complete diversity between the parties.

2

"Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *see Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (stating that "complete diversity" requires "that no party share citizenship with any opposing party" (citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))). "In a diversity action, 'the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Washington*, 76 F. App'x at 645–46 (quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

In this case, the complaint states that "Plaintiff is a resident of the County of Lenawee, State of Michigan." (*See* ECF No. 1, PageID.2.) With respect to Defendants, the complaint states that "Defendants are residents of the State of Texas." (*Id.*) This information does not allow the Court to confirm the existence of complete diversity because Plaintiff does not properly allege the citizenships of the parties.

Plaintiff's allegations that he is a "resident" of Michigan and that Defendant Noe Guerrero is a "resident" of Texas are flawed because it

does not identify the citizenship of Plaintiff nor Guerrero. (*Id.*) For purposes of determining whether diversity jurisdiction exists, residence and citizenship are not equivalent. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). "A mere averment of residence does not aver citizenship, so when the parties allege residence but not citizenship, the court must dismiss the suit." *Id.* (quotation marks and internal citations omitted). An individual's citizenship depends on domicile, which "requires that a person *both* be present in a state *and* have 'the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.'" *Id.* (emphasis in original) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)). Here, Plaintiff's complaint contains no allegation as to his citizenship nor the citizenship of Defendant Guerrero.

Moreover, the complaint does not properly identify Defendant Chris Fann Transportation's citizenship. Plaintiff does not allege what type of business entity Chris Fann Transportation is (corporation, partnership, limited liability corporation, etc.), but states that it is a "resident[] of the State of Texas." (ECF No. 1, PageID.2.) If Chris Fann

4

Transportation is a corporation, under § 1332(c)(1), a corporation is a citizen of every state where it has been incorporated and of the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). If Chris Fann Transportation is a non-incorporated business, then it has the citizenship of each of its partners or members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990)). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." *Id*. Plaintiff's allegation that Chris Fann Transportation is a "resident" of Texas is deficient in each of these scenarios.

For these reasons, Plaintiff's allegations are insufficient to show subject matter jurisdiction under diversity jurisdiction.

Finally, it is not clear to the Court that venue is proper in the Eastern District of Michigan. The proper venue for civil actions is the judicial district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated;" or (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" if there is no other district where the action may  be brought. 28 U.S.C. § 1391(b). For purposes of venue, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). By contrast, a corporation "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). However,

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]

28 U.S.C. § 1391(d).

Here, the complaint fails to establish that venue for this action is proper in the Eastern District of Michigan. With respect to § 1391(b)(1), the complaint does not allege that the Defendants reside in this District. The complaint states that "Defendants are residents of the State of Texas." (ECF No. 1, PageID.2.) Plaintiff does not allege any

additional facts that demonstrate Defendants' contacts with the Eastern District "would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

With respect to § 1391(b)(2), the complaint does not allege that the events or conduct occurred in this District. The complaint states that the automobile collision that is the subject of the litigation occurred on the Ohio Turnpike (ECF No. 1, PageID.2.), which is outside of Michigan. For these reasons, Plaintiff's allegations are insufficient to show that this is the proper venue for the suit.

The document must be refiled in full compliance with the applicable rules by **February 2, 2024**. If Plaintiff fails to comply with this order in its refiling, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: January 25, 2024             s/Judith E. Levy
       Ann Arbor, Michigan          JUDITH E. LEVY
                                        United States District Judge

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 25, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8