UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terry T. Etter,

              Plaintiff,        Case No. 24-10174

v.                                Judith E. Levy
                                 United States District Judge
Noe Guerrero and Chris Fann
Transportation,            Mag. Judge Elizabeth A. Stafford

            Defendants.

_____/

# ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO ALLOW ALTERNATE SERVICE ON DEFENDANT NOE <u>GUERRERO</u> [7]

Before the Court is Plaintiff Terry T. Etter's ex parte motion to allow alternate service on Defendant Noe Guerrero. (ECF No. 7; *see also* ECF No. 8 (Plaintiff's brief in support of motion).) For the reasons set forth below, the Court grants Plaintiff's motion.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, which is the state

where the district court is located, an individual may be served by "delivering a summons and a copy of the complaint to the defendant personally" or "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). Service by registered or certified mail is only complete once "the defendant acknowledges receipt of the mail," and "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2).

The Michigan Court Rules also permit a court to approve alternative means of service. Mich. Ct. R. 2.105(J)(1). Michigan Court Rule 2.105(J)(2) states that:

> (2) A request for an order under [Rule 2.105(J)] must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

Mich. Ct. R. 2.105.

Plaintiff's motion is not verified, in violation of Rule 2.105(J)(2). *See United States v. Szostak*, No. 22-CV-11239, 2022 WL 4099448, at *2 (E.D. Mich. Sept. 7, 2022) ("Second, as required under Michigan Court Rule 2.105(J)(2), the United States submitted a verified motion that is dated within 14 days of filing, and it was supported by exhibits demonstrating that the United States has diligently attempted to ascertain the identity of the Trustee in order to serve process."); *United States v. Robinson*, No. 21-CV-11481, 2021 WL 5162030, at *2 (E.D. Mich. Nov. 5, 2021) ("[T]he United States submitted a verified motion that is dated within 14 days of filing, and it was supported by the declaration of its counsel and the affidavit of its process server."). Therefore, Plaintiff's motion cannot be granted under Michigan Court Rule 2.105(J).

However, Federal Rule of Civil Procedure 4(e)(1) also allows service that follows state law in the state where service is made. In Texas, where service would be made, service can be made by "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or . . . mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). A court may authorize alternative service

3

if the plaintiff submits a motion supported by a sworn statement that "list[s] any location where the defendant can probably be found" and states that service was attempted by one of the methods described in Texas Rule of Civil Procedure 106(a). Tex. R. Civ. P. 106(b). If a plaintiff meets those requirements, then the court may authorize service "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or . . . in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Id*.

Plaintiff meets those requirements here. Plaintiff submitted a motion supported by the sworn statement of Gerardo Chavez, who described his unsuccessful efforts to serve Defendant Guerrero in compliance with Texas Rule of Civil Procedure 106(a). (ECF No. 7, PageID.42–43.) Thus, the Court will authorize service by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in Gerardo Chavez's affidavit.

For the reasons set forth above, the Court GRANTS Plaintiff's ex parte motion to allow alternate service on Defendant Guerrero.

IT IS SO ORDERED.

Dated: March 12, 2024             s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2024.

                                                   s/William Barkholz
                                                   WILLIAM BARKHOLZ
                                                   Case Manager